UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON JEROME JACOBS,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:20-cv-2266 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff has also filed a motion for a preliminary injunction. ECF No. 6. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

    For the reasons stated below, plaintiff's application to proceed in forma pauperis will be granted. In addition, the undersigned shall recommend that this action be dismissed for failure to exhaust administrative remedies and that plaintiff's motion for a preliminary injunction be denied as moot.

I.     IN FORMA PAUPERIS APPLICATION

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2). Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. PLAINTIFF'S COMPLAINT

Plaintiff names Correctional Counselor K. Leavitt and Chief Deputy Warden T. Johnson of Folsom State Prison as defendants in this action, as well as CDCR Secretary K. Allison. See ECF No. 1 at 1-3. He alleges that between mid-March 2020 and June 2020, his right to be free from cruel and unusual punishment under the Eighth Amendment was violated because: (1) the CDCR staff "were deliberately indifferent to the accreditation of [his] 'earned credits,' in accordance with the passage of California Assembly Bill 965 ("AB 965")[1]; and (2) he "[has been] subjected to incarceration within [sic] 'deteriorated prison conditions,' due to the COVID-19 pandemic outbreak." See id. at 5 (brackets added). He seeks injunctive relief, punitive and compensatory damages and costs and fees. See id. at 5. A review of the complaint clearly indicates that prior to bringing this action, plaintiff had not fully exhausted his state administrative remedies. See id. at 7 (plaintiff stating that adjudication of related filed grievance is "still pending").

III. LEGAL STANDARDS FOR EXHAUSTION

A. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims

---

[1] California Assembly Bill 965 governs youth offender hearings. Amongst other things, it requires those hearings to occur within six months of the first year an offender becomes eligible for one. In so doing, it amends the part of California Penal Code § 3051 relating to parole.

2

are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007) (brackets added). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special

3

circumstances.' " Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

B. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[2] The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a). "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

Each prison is required to have an "appeals coordinator" whose job is to "screen all appeals prior to acceptance and assignment for review." Cal. Code Regs. tit. 15, § 3084.5(b). The appeals coordinator may refuse to accept an appeal and does so either by "rejecting" or "canceling" it. Id., § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.").

"Cancellation" is reserved for those appeals which the inmate cannot simply correct. For example, an appeal can be cancelled if the action complained of "is not within the jurisdiction" of the CDCR, or if time limits for submitting the appeal have been exceeded. Id., § 3084.6(c)(1), (4). Upon "cancellation" of the appeal, the inmate's only recourse, if he still wishes to pursue it, is to show that the reason given for the cancellation was inaccurate or erroneous, or that "new information" now makes it eligible for review. Id., § 3084.6(a)(3) (cancelled appeal may later be

---

[2] All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for the current version, which has been unchanged, in pertinent part, since October 2016.

accepted "if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review").

According to the regulations, "a cancellation or rejection decision does not exhaust administrative remedies." Id., § 3084.1(b). Outside of any exceptions outlined in the regulations, "all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted." Id.

IV.     DISCUSSION

    A.     Failure to Exhaust Prior to Bringing Instant Complaint

Section 1997e(a) states: "No action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (brackets added). An action has been "brought" for purposes of Section 1997e(a) when the prisoner submits the complaint to the court, not when it is subsequently filed.[3] Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (citation omitted); see also O'Neal v. Price, 531 F.3d 1146, 1151-52 (9th Cir. 2008) (citing Vaden). Accordingly, "the prisoner must have entirely exhausted administrative remedies by this point." Vaden, 449 F.3d at 1050.

"Neither fee collection nor notice to the adversary is at issue when applying [Section] 1997e(a)." Ford v. Johnson, 362 F.3d 395, 399 (7th Cir. 2004) (brackets added) (finding complaint was "brought" when mailed to court even though not filed); see generally Vaden, 449 F.3d at 1050 (Ninth Circuit agreeing with Ford analysis and adopting its holding as its own). "[C]laims which are exhausted after the complaint has been tendered to the district court, but before the district court grants [a prisoner] permission to proceed in forma pauperis . . . must be dismissed pursuant to [42 U.S.C.] § 1997e." Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (brackets added) (citing Vaden, 449 F.3d at 1050-51).

---

[3] A claim is "filed" for purposes of Section 1997e(a) when it has been reviewed by the district court and either the filing fee is paid, or the prisoner is permitted to proceed in forma pauperis. See Ford, 362 F.3d at 398-99; see generally Vaden, 449 F.3d at 1050 (Ninth Circuit agreeing with Ford analysis).

5

In the instant complaint, plaintiff clearly states that prior to bringing this action, he did not exhaust his administrative remedies with respect to both claims. See ECF No. 1 at 7. He states he did file a grievance at Folsom State Prison, where the events giving rise to the two claims arose. See id. at 6-8. However, when asked what the result was, plaintiff states that the matter is "still pending." In addition, when asked what steps he took to appeal his grievance, he writes that he "filed the current complaint." See id. at 7.

Section 1997e(a) categorically forbids a plaintiff from bringing a Section 1983 suit until administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a). Under the PLRA, the requirement to exhaust is mandatory, and there is no judicial discretion for this court to decide otherwise. See Ross, 136 S. Ct. at 1857 (stating statutes created by Congress like the PLRA which establish mandatory exhaustion regimes foreclose any judicial discretion) (citing McNeil v. United States, 508 U.S. 106, 111, 113 (1993)).

Furthermore, even if plaintiff has since exhausted his claims, the court may not consider them. This is because "a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." Akhtar v. Mesa, 698 F.3d 1201, 1210 (9th Cir. 2012) (brackets in original) (quoting McKinney v. Carey, 331 F.3d 1198, 1199 (9th Cir. 2002)) (per curiam). For these reasons, this matter cannot be reviewed by the court, and its dismissal will be recommended.

### 2. Court Dismissal Sua Sponte is Appropriate

Finally, although the failure to exhaust is an affirmative defense which defendants must generally raise and prove, Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010), it is well-settled that the exhaustion question should be decided as early as possible, see Albino, 747 F.3d at 1170. Moreover, as stated earlier, notice to defendants is not at issue when applying Section 1997e(a). See Ford, 362 F.3d at 398-99. Accordingly, when a plaintiff specifically states either in his complaint or in the documents that he has submitted that he has not exhausted his administrative remedies, the court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded. See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's

factual allegations as true, complaint establishes failure to exhaust); see generally Vaden, 449 F.3d at 1051 (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). For these reasons, the undersigned will recommend that this action be dismissed for failure to exhaust administrative remedies.

V. PRELIMINARY INJUNCTION MOTION

In plaintiff's motion for a preliminary injunction, he appears to ask that an injunction issue in his favor that aligns with and/or would permit him to benefit from the passage of Proposition 57 and AB 965. See generally ECF No. 6. Because this action is not properly before the court, there is no jurisdiction over the subject matter or over any of the named defendants against whom plaintiff seeks injunctive relief. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) ("The constitutional power of federal courts . . . has no substance without reference to the necessity 'to adjudge the legal rights of litigants in actual controversies'."); see generally Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court . . . may not attempt to determine the rights of persons not before the court."). In light of the recommendation that the complaint be dismissed, the undersigned will recommend that the motion for injunctive relief be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith, and

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 6) be DENIED as moot, and

2. This action be DISMISSED for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE