UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON JEROME JACOBS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-2266 KJM AC P<br><br><br>ORDER |

　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 24, 2021, the magistrate judge issued findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 8. Plaintiff has filed objections to the findings and recommendations. ECF No. 12. Plaintiff attaches to his objections documents from the California Department of Corrections and Rehabilitation (CDCR) reflecting he did pursue an administrative process. As explained more fully below, the documents demonstrate that plaintiff filed his complaint closely prior to the administrative appeals process being completed. As his claims were not exhausted previously, but now are, he may file a new complaint under 42 U.S.C. § 1983.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

I.   RELEVANT FACTS

In the findings and recommendations issued on May 24, 2021, the magistrate judge assigned to this matter recommended that this action be dismissed for failure to exhaust administrative remedies as clearly evidenced by the statements made by plaintiff in his complaint. *See* ECF No. 8 at 5-7. Specifically, in the complaint, plaintiff stated that his administrative appeals were still pending with prison officials, and that the step he had taken to appeal them was to file the instant complaint in federal court. *See* ECF No. 1 at 7. In addition, and in accord with the magistrate judge's dismissal recommendation, the magistrate judge recommended denial of plaintiff's motion for a preliminary injunction as moot. *See* ECF No. 8 at 7-8.

In plaintiff's objections, he now contends that he had, in fact, exhausted his administrative remedies prior to filing the instant action. *See* ECF No. 12 at 1-2. In support of this assertion, plaintiff attaches a document entitled "Claimant Appeal Claims Decision Response," which he contends establishes the exhaustion. *See id.* at 2, 5. The document, dated November 18, 2020, indicates that it was the only response plaintiff would receive from the Office of Appeals. *See id.* at 5.

II.   DISCUSSION

At issue here are the dates when plaintiff's prison appeals ended and when plaintiff filed the instant complaint. According to the mailbox rule, a document is deemed "filed" on the date the plaintiff places it in the hands of prison officials for forwarding. S*ee Houston v. Lack*, 487 U.S. 266, 270, 276 (1988). A document is presumed to have been put in the hands of prison officials on the date it is signed and dated by the inmate. *See, e.g.*, *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (citing *Houston*); *see also Porter v. Ollison*, 620 F.3d 952, 955 n.2 (9th Cir. 2010).

/////

The record indicates that plaintiff signed his complaint on November 10, 2020. *See* ECF No. 1 at 11. Therefore, this is the date it is presumed that plaintiff delivered it to prison officials for filing. By contrast, the final decision issued by prison officials with respect to plaintiff's related administrative appeals was issued on November 18, 2020. *See* ECF No. 12 at 5.

Given these facts, it is clear that plaintiff filed the instant complaint more than a week before he had exhausted his administrative appeals in prison. The Prison Litigation Reform Act's exhaustion requirement does not allow a prisoner to file a complaint that contains unexhausted claims, even if he subsequently exhausts his administrative remedies while his federal case is pending. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)). For these reasons, the magistrate judge's recommendation that this action be dismissed is well-founded. *See McKinney*, 311 F.3d at 1199 (stating dismissal required under 42 U.S.C. § 1997e(a) when exhaustion not complete prior to filing suit). Furthermore, without a viable complaint, there is no case or controversy. *See Sires v. State of Washington*, 314 F.2d 883, 884 (9th Cir. 1963). Therefore, plaintiff's motion for preliminary injunction is moot and must be denied as such.

As his claims were not exhausted, but now are, he may file a new complaint under 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued May 24, 2021 (ECF No. 8), are ADOPTED in full;

2. Plaintiff's motion for a preliminary injunction (ECF No. 6) is DENIED as moot, and

3. This action is DISMISSED for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a).

DATED: September 20, 2021.

CHIEF UNITED STATES DISTRICT JUDGE